IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, as subrogee and assignee of BULLARD EXCAVATING, INC., § § § § § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 2:09cv702-WHA |
| REESE & HOWELL, INC. and QBE INSURANCE CORPORATION, § § § § | |
| Defendants. § | |

## COMPLAINT

### PARTIES

1.  The Plaintiff, The Travelers Indemnity Company ("Travelers"), is a company incorporated and organized under the laws of the State of Connecticut, having its principal place of business in Hartford, Connecticut.

2.  Defendant Reese and Howell, Inc. ("R&H") is a company incorporated and organized under the laws of the State of Alabama, having its principal place of business in Montgomery County, Alabama.

3.  Defendant QBE Insurance Corporation ("QBE") is a corporation organized and existing under the law of the State of Delaware, with its principal place of business in New York, New York.

### JURISDICTION AND VENUE

4.  Travelers invokes this Court's jurisdiction based on the diversity of citizenship pursuant to 28 U.S.C. Section 1332. The parties are diverse, and the matter in controversy exceeds

$75,000. As set forth more fully below, Travelers paid in excess of $75,000 on behalf of its insured, Bullard Excavating, Inc. ("Bullard"), to settle the claims asserted against Bullard in the Underlying Lawsuit (as defined below). Travelers contends that the amount paid in settlement was the responsibility of R&H, and that Travelers has been damaged as a result of R&H's failure to fund the settlement on behalf of Bullard. In addition, Travelers paid $169,492.45 in fees and expenses in the defense of Bullard in the Underlying Lawsuit. Travelers contends that this amount was the responsibility of R&H and/or QBE, and Travelers has been damaged as a result of R&H's and/or QBE's failure to pay the fees and expenses incurred in the defense of Bullard in the Underlying Lawsuit.

5. Travelers also seeks a declaration of rights pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201, *et seq.*

6. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a), as a substantial part of the acts or omissions giving rise to this claim occurred in this jurisdictional district. The Underlying Lawsuit was filed in Coffee County, Alabama; the contract between Bullard and R&H made the subject of this lawsuit was entered between Bullard for work to be performed in Covington County and Coffee County, Alabama; Bullard has its principal place of business in Covington County, Alabama; R&H has its principal place of business in Montgomery County, Alabama; and, upon information and belief, the QBE insurance policy at issue in this case was delivered to R&H at their business address in Pike Road, Alabama.

## FACTUAL ALLEGATIONS

7. Bullard contracted with the Alabama Department of Transportation to perform construction work in order to add additional lanes to U.S. Highway 84 in Covington and Coffee Counties.

8. As part of this project, Bullard entered into a Subcontract Agreement with R&H on or about February 9, 2005. (A copy of the Subcontract Agreement is attached hereto as Exhibit "A").

9. The Subcontract defined R&H's Work as "3.910 Miles of Additional Lanes (Partial Grade and Drain, Baset an Pavement) US#84 from CR30 to West of SR141 West of Elba."

10. Part of the Work to be performed by R&H pursuant to the Subcontract Agreement was a curve at or near the intersection of Highway 84 and County Road 377 in Coffee County, Alabama.

11. On or about June 28, 2006, Shayla Stoudemire was seriously injured in a single-car accident at this location on Highway 84.

12. R&H was still performing Work under the Subcontract Agreement at the time of Stoudemire's accident on or about June 28, 2006.

13. On or about October 10, 2006, Stoudemire filed a lawsuit in the Circuit Court of Coffee County as a result of the accident, bearing case number CV-2006-000091 (the "Underlying Lawsuit"). A copy of Stoudemire's complaint in the Underlying Lawsuit is attached hereto as Exhibit "B."

14. In the Underlying Lawsuit, Stoudemire alleged that she was unable to negotiate the curve where County Road 377 intersects Highway 84 and, as a result, her vehicle left the roadway and overturned.

15. Stoudemire alleged in her complaint that, as a result of the accident, she is permanently paralyzed from the chest down.

16. Stoudemire included a number of defendants in the Underlying Lawsuit, including Bullard and R&H.

17. Specifically, Stoudemire alleged in her complaint that the roadway in the curve approaching Highway 84 was negligently and wantonly designed and constructed.

18. The allegations against Bullard in the Underlying Lawsuit arise out of or in connection with R&H's Work for Bullard under the terms of the Subcontract Agreement.

19. Because R&H was responsible for the Work under the Subcontract Agreement, any liability that Bullard may have had to Stoudemire was the result of the acts or omissions of R&H.

20. To the extent that R&H engaged in any negligent, reckless, wanton, and/or intentional acts or omissions that led to the injuries and damages claimed in the Underlying Lawsuit, Bullard was unaware of them. Further, Bullard had no reason to anticipate that R&H would negligently, recklessly, wantonly, and/or intentionally fail to perform its duties under the Subcontract Agreement. Rather, Bullard reasonably relied upon R&H to act in due care in performing its Work under the Subcontract Agreement.

21. In the Underlying Lawsuit, Stoudemire alleged that Bullard was liable for damages as a result of the automobile accident.

22. Travelers issued a commercial general liability policy to Bullard, bearing policy number DT-CO-5909B098-IND-05, for policy period November 1, 2005 to November 1, 2006. Travelers provided Bullard a defense to the Underlying Lawsuit pursuant to this policy of insurance.

23. Although Travelers provided Bullard a defense to the Underlying Lawsuit, the Subcontract Agreement between Bullard and R&H contains the following defense and indemnification provision:

> ARTICLE 7. To the fullest extent permitted by law, the Subcontractor shall defend, indemnify and hold harmless the Contractor (including its agent and employees), and when required by the Contractor by the Contract Documents, the Owner, the Architect/Engineer, and the Architect/Engineers consultants, from and against any and all claims, losses, suits, damages, judgments and expenses, including but not limited to attorney's fees, on account of or by reason of bodily injuries or death to any person or persons, and injury to or destruction of property (including the loss of use thereof, arising out of or occurring in connection with the performance of the Work to be done pursuant to this Subcontract, whether caused or contributed to, or alleged to have been caused or contributed to, by the active, passive, sole or concurrent negligent or breach of any duty, non-delayable or otherwise, on the part of the Contractor or its agents and employees, or the Owner, Architect/Engineer, and/or Architects/Engineers consultants.

(Exhibit "A" at Article 7).

24. The Subcontract Agreement defines "Contractor" as Bullard and "Subcontractor" as R&H.

25. During the pendency of the Underlying Lawsuit, Bullard demanded a defense and indemnity by R&H pursuant to the terms of the Subcontract Agreement.

26. The claims, losses, suits, damages, judgments and expenses, including but not limited to attorney's fees, in the Underlying Lawsuit were on account of or by reason of bodily injuries arising out of or occurring in connection with the performance of R&H's Work to be done pursuant to the Subcontract Agreement.

27. Despite Bullard's request, R&H refused to provide Bullard with a defense in the Underlying Lawsuit.

28. Despite Bullard's request, R&H refused to provide Bullard with indemnification in the Underlying Lawsuit.

29. Despite Bullard's request, R&H refused to hold Bullard harmless in the Underlying Lawsuit.

30. QBE is R&H's general liability insurance carrier.

31. QBE issued policy number ANB19072-3 to R&H for the policy period November 9, 2005 to November 9, 2006. A copy of QBE's policy issued to R&H is attached hereto as Exhibit "C."

32. Pursuant to the Subcontract Agreement, R&H was to name Bullard as an additional insured under its policy of insurance with QBE.

33. During the pendency of the Underlying Lawsuit, Bullard made demand on QBE for a defense as an additional insured under QBE's policy issued to R&H.

34. The QBE policy contains an additional insured endorsement pursuant to which Bullard was entitled to a defense for the claims asserted by Stoudemire in the Underlying Lawsuit.

35. QBE refused to provide Bullard with a defense in the Underlying Lawsuit.

36. Travelers settled the claims asserted by Stoudemire against Bullard in the Underlying Lawsuit.

## COUNT I – CONTRACTUAL INDEMNITY
## DEFENDANT R&H

37. Travelers realleges all allegations set forth in the preceding paragraphs as if set forth fully herein.

38. The clear and unambiguous contract language set forth in the Subcontract Agreement between Bullard and R&H required R&H to defend, indemnify, and hold Bullard harmless from the claims asserted by Stoudemire in the Underlying Lawsuit.

39. R&H had a contractual duty under the Subcontract Agreement to defend, indemnify, and hold Bullard harmless from and against all claims, losses, suits, damages, judgments and expenses, including attorney's fees, on account of or by reason or bodily injury to Stoudemire arising out of or occurring in connection with the performance of the Work to be done pursuant to the Subcontract Agreement.

40. R&H had a contractual duty under the Subcontract Agreement to defend, indemnify, and hold Bullard harmless whether Stoudemire's injuries or damages were caused or contributed to, or alleged to have been caused or contributed to, by the active, passive, sole or concurrent negligence or breach of any duty, non-delegable or otherwise, on the part of Bullard.

41. R&H breached its contractual duty under the Subcontract Agreement to defend, indemnify, and hold Bullard harmless for the claims asserted by Stoudemire in the Underlying Lawsuit.

42. As a result, Travelers was required to pay monies on behalf of Bullard in settlement and in defense of Bullard in the Underlying Lawsuit, and has therefore been damaged.

WHEREFORE, PREMISES CONSIDERED, Travelers demands judgment against R&H for compensatory damages, plus costs and attorney' fees.

## COUNT II - DECLARATORY JUDGMENT ACTION – DEFENDANT QBE REGARDING THE DUTY TO DEFEND

43.     Travelers realleges all allegations set forth in the preceding paragraphs as if set forth fully herein.

44.     QBE is R&H's general liability insurance carrier.

45.     QBE issued policy number ANB19072-3 to R&H for the policy period November 9, 2005 to November 9, 2006.

46.     Pursuant to the Subcontract Agreement, R&H was to name Bullard as an additional insured under its policy of insurance with QBE.

47.     The QBE policy contains an additional insured endorsement pursuant to which Bullard was entitled to a defense for the claims asserted by Stoudemire in the Underlying Lawsuit.

48.     QBE refused to provide Bullard with a defense in the Underlying Lawsuit.

49.     As a result of QBE's refusal to provide Bullard with a defense in the Underlying Lawsuit, Travelers was required to pay all of Bullard's defense costs, including attorney's fees and expenses.

50.     A bona fide controversy exists between the parties as to their legal rights, status, and liabilities under the QBE policy.

WHEREFORE, PREMISES CONSIDERED, Travelers respectfully requests that this Honorable Court declare that QBE had a duty to defend Bullard for the claims asserted by Stoudemire in the Underlying Lawsuit. If Travelers is mistaken in any special relief herein prayed for, then it prays for such other, further, or more general relief to which it may be entitled in the premises.

## COUNT III - BREACH OF CONTRACT
## DEFENDANT QBE REGARDING DUTY TO DEFEND

51. Travelers realleges all allegations set forth in the preceding paragraphs as if set forth fully herein.

52. QBE is R&H's general liability insurance carrier.

53. QBE issued policy number ANB19072-3 to R&H for the policy period November 9, 2005 to November 9, 2006.

54. Pursuant to the Subcontract Agreement, R&H was to name Bullard as an additional insured under its policy of insurance with QBE.

55. The QBE policy contains an additional insured endorsement pursuant to which Bullard was entitled to a defense for the claims asserted by Stoudemire in the Underlying Lawsuit.

56. QBE refused to provide Bullard with a defense in the Underlying Lawsuit.

57. As a result of QBE's refusal to provide Bullard with a defense in the Underlying Lawsuit, Travelers was required to pay all of Bullard's defense costs, including attorney's fees and expenses.

58. QBE's refusal to provide Bullard with a defense in the Underlying Lawsuit constituted a breached of contract for which Travelers is entitled to damages.

WHEREFORE, PREMISES CONSIDERED, Travelers demands judgment against R&H for compensatory damages, plus costs and attorney's fees.

Respectfully submitted,

*Candace Hudson*

Joel S. Isenberg (8855-N76J)
Candace L. Hudson (8314-N66H)
Attorneys for Plaintiff The Travelers Indemnity Company, as subrogee and assignee of Bullard Excavating, Inc.

**OF COUNSEL:**
ELY & ISENBERG, LLC
The Mountain Brook Center
2700 Highway 280 East, Suite 110
Birmingham, Alabama 35223
Telephone:   (205) 313-1200
Facsimile:    (205) 313-1201
jisenberg@elylawllc.com
chudson@elylawllc.com


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**


REESE & HOWELL, INC.
c/o Pickett R. Reese
101 Meriwether Road
Pike Road, Alabama  36064

QBE INSURANCE CORPORATION
c/o The Corporation Company
2000 Interstate Park Suite 204
Montgomery, Alabama  36109